# Forepaugh's Estate.

*Will—Legacy—Abatement—Widow.*

Where a testator bequeaths to his wife in lieu of dower the interest of a sum, which turns out to be larger than his whole estate, with disposition over of the principal amongst his surviving brothers and sisters, and also bequeaths the interest of a smaller sum to an adopted daughter, and the whole estate is awarded in trust to the widow, her legacy not abating, the adopted daughter upon the death of the widow has the right to have awarded to her for life a proportion of the estate ascertained by comparing the amount of the daughter's legacy with the amount of the widow's legacy specified in the will. In such a case the privilege accorded to the widow, who, by virtue of her dower, is regarded as a purchaser, is purely personal, and does not extend to the brothers and sisters, who are volunteers.

Argued April 2, 1901. Appeal, No. 60, Jan. T., 1901, by Mary Van Beil, Annie F. Thorne and the Fidelity Insurance Trust and Safe Deposit Company, Executor of Emma Sherburne, deceased, from decree of O. C. Phila. Co., Jan. T., 1882, No. 458, sustaining exceptions to adjudication in the estate of Albert Forepaugh, deceased. Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Exceptions to adjudication.

Ashman, J., filed the following opinion:

The testator bequeathed to his wife for life the interest of $25,000, with disposition over of the principal amongst his surviving brothers and sisters. He also gave to his adopted daughter the interest of $10,000 for her life, and at her death the principal to her children, and if she should leave no child, then equally to his said brothers and sisters.

The total personal estate amounted to $16,777.71, and that sum was awarded in trust for the widow, her legacy, because

given in lieu of dower not being called to abate: Haddock's Estate, 16 W. N. C. 196.

On the death of the widow the stepdaughter claimed that ten thirty-fifths of the fund representing the ratio which the fund for her use bore to that for the widow, should be awarded to her for life.

There can be no doubt, we think, of the justice of this demand. The privilege accorded to the widow, who, by virtue of her dower, is regarded as a purchaser, was purely personal, and did not extend to the brothers and sisters, who are volunteers. The privilege died with the person whom it was intended to benefit, and as between the remaining parties the legacies abate proportionally, just as they would have abated if the bequest of the $25,000 had been to any other than a purchaser. The exceptions are sustained, and adjudication and award amended accordingly.

*Errors assigned* were in dismissing exceptions to adjudication.

*Richard C. Dale,* for appellants, cited: Duncan v. Atl, 3 P. & W. 382; Reed v. Reed, 9 Watts, 263; McGlaughlin's Executor v. McGlaughlin's Administrator, 24 Pa. 20; Appeal of the Trustees of the University of Pennsylvania, 97 Pa. 187.

*Alfred Moore,* with him *William Y. Tripple,* for appellee, cited: Reed v. Reed, 9 Watts, 263; Haddock's Est., 16 W. N. C. 196; Penna. Co.'s App., 109 Pa. 479.

PER CURIAM, May 27, 1901:

Upon due consideration of the provisions of the will we are convinced that the court did not err in sustaining the exceptions and amending the adjudication and award. We therefore dismiss the assignments of error and affirm the decree on the clear and satisfactory opinion of Judge ASHMAN.

Decree affirmed and appeal dismissed at the cost of the appellant.